## Marra v. Kephart

*John D. Gresimer*, for plaintiffs.
*Rydesky, Malizia & Wolfe*, for defendants.

TRAMBLEY, P. J., January 24, 1958.—Defendant, James S. Sawyer, filed preliminary objections in the nature of a demurrer to the complaint, alleging, among other grounds, that the complaint did not set forth that any demand was ever made on Sawyer for payment. The court sustained this preliminary objection and

gave plaintiffs 20 days within which to file an amended complaint. Plaintiffs then filed an amended complaint setting forth that demand had been made on defendant Sawyer for payment.

Defendant Sawyer then filed an answer in which he admitted that demands had been made on him for payment but denied liability on other grounds, particularly that there was no contract between plaintiffs and himself under which he was liable for the payment of the amount claimed.

On April 25, 1956, plaintiffs filed a motion for judgment on the pleadings against defendant, William B. Kephart, and the same was granted as Kephart had filed no answer to the complaint.

On June 4, 1956, in accordance with rule number 3½ of the Court of Common Pleas of the Fifty-ninth Judicial District of Pennsylvania, the case, insofar as it pertained to Sawyer, was referred to a board of arbitrators. Arbitrators were duly appointed on June 6, 1956, by the Prothonotary of Cameron County, the arbitrators were duly sworn to perform their duties in accordance with the law on July 6, 1956, held their hearing on the same day and awarded plaintiffs damages against defendant Sawyer in the full amount of the claim, which was $360 with interest from July 6, 1956.

On July 26, 1956, defendant, James S. Sawyer, appealed from the decision of the arbitrators to the Court of Common Pleas of Cameron County.

Subsequently, on August 9, 1956, plaintiff filed a petition to further amend his complaint, stating, that whereas he had formerly based it on unjust enrichment he now based it upon a written order given by William B. Kephart to James S. Sawyer, directing the said Sawyer to pay plaintiff the sum of $360 out of moneys which the said William B. Kephart was then or would thereafter become entitled to have and receive from

the said James S. Sawyer. At the hearing before the arbitrators, although this ground for recovery had not been set forth in any of the previous pleadings, evidence as to same was heard by the arbitrators and their decision was based on such evidence. This amended complaint also set forth that defendant Sawyer agreed to pay plaintiffs the money which they claimed to be due if plaintiffs would refrain from filing a mechanic's lien.

Defendant Sawyer filed an answer to this further amended complaint in which he denied the material allegations of same.

On November 6, 1957, defendant, James S. Sawyer, filed a petition for a rule to show cause why plaintiffs should not be required to limit the issues on the appeal to the issues set forth in the pleadings on which the arbitrator's hearing was held and upon which issues the appeal was taken, or alternatively to reimburse defendant, James B. Sawyer, in the sum of $105, if plaintiffs are permitted to proceed to trial on the facts as alleged in paragraphs 11 to 18 of plaintiffs' "Further Amended Complaint" or that plaintiffs be stayed from proceeding to trial on the facts as alleged in paragraphs 11 to 18, inclusive, of the "Further Amended Complaint."

As this court views the present status of the case, the issue raised is as to whether or not plaintiffs should be permitted to further amend their complaint so as to plead the facts set forth in paragraphs 11 to 18, inclusive, of the "Further Amended Complaint" and if so whether defendant Sawyer should have refunded to him the amount of money which he has deposited as costs in the case under our said rule of court.

While this court has not found, nor has counsel cited, any decisions of our appellate courts, in arbitration cases such as this, applying to this particular question,

it has been frequently held that on the allowance of an amendment the court has discretion as to the conditions under which such amendment shall be allowed, particularly as to the payment of costs up to the time of the amendment, and such other conditions as it may see fit to impose. The arbitrators' fees cannot be assessed as costs in an arbitration case but it seems only fair to this court to require the arbitrators' fees to be refunded under the circumstances here. It was so held in Julian v. Mayo, 8 D. & C. 2d 788.

On principal we do not see why the same rule as to the allowance of amendments should not apply in arbitration cases as applies in cases originally tried in the court of common pleas. The purpose of the amendment in this case appears to be that plaintiffs desire to make the probata agree with the allegata as set forth in the "Further Amended Complaint." We appreciate that rule 1033 of the Pennsylvania Rules of Civil Procedure, which is applicable to the amendment of pleadings, has been liberally applied and is intended to give the parties the opportunity to plead their best case and we are in full accord with this rule and its purpose. The courts have the power in any stage of the proceedings to permit amendment if it is necessary for a proper decision of the cause on the merits: Bruker v. Carlisle Borough, 376 Pa. 330.

Defendants here have asked in the alternative that if the amendment is allowed, then defendant Sawyer should be reimbursed for the amount that he has paid the county to cover the arbitrators' fees, contending that a manifest injustice would result in that he has no recourse for the recovery of the arbitrators' fees which he was compelled to pay in the office of the prothonotary to perfect the appeal.

We think this position is well taken. Plaintiffs had knowledge of all of the facts set forth in the "Further Amended Complaint" prior to the hearing before the

392

arbitrators as evidenced by the fact that they presented before the arbitrators the evidence necessary to sustain the "Further Amended Complaint." They should, therefore, have asked to amend their pleadings prior to this hearing in which event it is quite probable that no appeal would have been necessary. We are, therefore, of the opinion that if we grant permission to plaintiffs to file their "Further Amended Complaint," then defendant should be reimbursed for the amount he has paid into the prothonotary's office in order to perfect his appeal.

Accordingly we make the following

*Order*

Now, January 24, 1958, the rule granted on plaintiffs in this case is made absolute unless plaintiffs shall, within 20 days after service of this order on them or their counsel, pay into the office of the prothonotary for reimbursement to defendants the arbitrators' fees and costs, in which case the amendment is allowed.